# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| CONSUELO L. RHONE and<br>LESLIE SUSANA CRUZ,<br><br>Plaintiffs,<br><br>v.<br><br>GUICE SERVICES, INC. d/b/a<br>ROOTER PROXPRESS, RONALD C.<br>KIMPSON, Jr., individually, and<br>JEFFREY ALLEN TEAGUE a/k/a<br>JEFFREY ALLEN BRYANT,<br>individually,<br><br>Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1.      COMES NOW Plaintiffs Consuelo L. Rhone ("Consuelo") and Leslie Susana Cruz ("Leslie") (collectively "Plaintiffs"), through their undersigned counsel, and files this Complaint against Guice Services, Inc. d/b/a Rooter ProXpress (the "Company"), Ronald C. Kimpson, Jr., individually ("Ronald"), and Jeffrey Allen Teague a/k/a Jeffrey Allen Bryant, individually ("Jeffrey") (collectively "Defendants"), and show the Court as follows:

## NATURE OF COMPLAINT

2.      Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

1

## JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this action.

4.      Pursuant to 28 U.S.C. §§ 1391(b)(2) and (d), venue is proper in this District Court and Division because a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division, and because the Company's principal place of business and registered agent are located within the Atlanta Division.

## PARTIES

5.      Consuelo is a citizen of the United States of America.

6.      Consuelo is a resident of the state of Georgia.

7.      Leslie is a citizen of the United States of America.

8.      Leslie is a resident of the state of Georgia.

9.      The Company is a Georgia corporation and may be served with process by delivering a copy of the Summons and Complaint to its registered agent, BCS Corporate Services, Inc., at 33 South Main Street, Suite 300, Alpharetta, Georgia, 30009.

10.     Ronald C. Kimpson, Jr., is the Company's Chief Executive Officer, Chief Financial Officer, and Secretary.

11. Ronald controlled the day-to-day operations at the Company and made decisions affecting the terms and conditions of Plaintiffs' employment, including their work hours, pay, and "exempt" status (which is the subject of this action).

12. Ronald is a resident of the state of Georgia.

13. Ronald may be served with process by delivering a copy of the Summons and Complaint to him at 400 Lively Avenue, Norcross, Georgia 30071.

14. Jeffrey Allen Teague a/k/a Jeffrey Allen Bryant is the Company's Office Manager.

15. Jeffrey managed the day-to-day operations at the Company's office and directly supervised Plaintiffs. Jeffrey was authorized to (and did in fact) hire and fire Plaintiffs and make other decisions affecting the terms and conditions of their employment, including their work hours, pay, and "exempt" status (which is the subject of this action).

16. Jeffrey is a resident of the state of Georgia.

17. Jeffrey may be served with process by delivering a copy of the Summons and Complaint to him at 400 Lively Avenue, Norcross, Georgia 30071.

18. Defendants are subject to the FLSA.

19. At all times relevant to this lawsuit, the Company was an enterprise engaged in commerce or in the production of goods for commerce.

20.    The Company provides plumbing, septic pumping and repair, electrical, and HVAC services to residential and commercial customers.

21.    At all times relevant to this lawsuit, the Company had at least two (2) employees engaged in interstate commerce or in handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including tools, equipment, supplies, and other articles necessary to conduct the Company's business (e.g., HVAC parts, pipes, electrical wiring, water heaters, chemicals, etc.).

22.    At all times relevant to this lawsuit, the Company had at least $500,000 in annual gross volume of sales made or business done.

23.    Defendants are "employers" as that term is defined by 29 U.S.C. § 203(d).

24.    Plaintiffs are "employees" within the meaning of the FLSA.

25.    At all relevant times, Defendants categorized Plaintiffs as employees and controlled all aspects of Plaintiffs' work, including what they did, how they did it, when they did it, where they did it, etc.

### STATEMENT OF FACTS

**Plaintiff Conseulo L. Rhone**

26.    Around March 17, 2024, Consuelo started working at the Company as a full-time dispatcher.

27.    Defendants agreed to pay Consuelo a weekly salary of $923.08.

28.    Defendants misclassified Consuelo as exempt from the FLSA's overtime pay requirements.

29.    At all relevant times, Consuelo did non-exempt work.

30.    Consuelo performed routine and repetitive tasks, including customer service, data entry, and dispatch work.

31.    Consuelo answered calls and responded to online service requests from potential customers. She collected and entered customer information (e.g., customer name, phone number, address, and a description of the issue) into fillable work orders, and she dispatched jobs to technicians using Service Titan, a software application that the Company used to generate work orders and automate the dispatch process.

32.    To dispatch a job to a technician, Consuelo clicked a few buttons in Service Titan to electronically send work orders to the technicians.

33.    Consuelo worked more than forty (40) hours in a week, but she was not paid overtime for each and every hour worked over 40 in a week.

34.    Defendants knew that Consuleo worked more than 40 hours in a week.

35.    Defendants scheduled Conseulo to work in the office for 48 hours per week— Monday through Saturday from 6:30 a.m. to 3:30 p.m. with a one-hour lunch break.

36.    In addition, Consuelo typically worked before and after her scheduled shifts and during her lunch breaks. Consuelo typically worked from home in the mornings

for at least 15 minutes before she drove to the office, and she typically finished working at the office between 4:30 p.m. and 5:00 p.m. (sometimes later).

37.   Consuelo estimates that she typically worked about 10.5 hours a day, which equates to about 63 hours in a week.

38.   During Consuelo's final week of employment at the Company—the week of May 5, 2024—she worked approximately 29.5 hours, but Defendants only paid her for two days of work ($369.23) and unlawfully deducted $306.00 from her pay. As a result, she was only paid the equivalent of about $2.13 per hour that week.

**Plaintiff Leslie Susana Cruz**

39.   Around January 4, 2024, Leslie started working at the Company as a full-time Bilingual Customer Service Representative.

40.   Defendants agreed to pay Leslie a weekly salary of $826.92.

41.   Defendants misclassified Leslie as exempt from the FLSA's overtime pay requirements.

42.   At all relevant times, Leslie did non-exempt work.

43.   Leslie answered the phone, responded to online service requests from potential customers, collected and entered customer information into Service Titan, and scheduled appointments with customers.

44.    For about three or four weeks, Leslie did some dispatch work in addition to her customer service duties. The dispatch work involved the same type of non-exempt dispatch work that Consuelo performed. See *supra* at ¶ 32.

45.    Leslie worked more than forty (40) hours in a week, but she was not paid overtime for each and every hour worked over 40 in a week.

46.    Defendants knew that Leslie worked more than 40 hours in a week.

47.    Defendants scheduled Leslie to work in the office for 51 hours per week— Monday through Saturday from 7:30 a.m. to 5:00 p.m. with a one-hour lunch break.

48.    In addition, about once every other week, Leslie worked during her one-hour lunch break.

49.    Leslie estimates that she typically worked about 51 hours and 52 hours in a week, respectively.

**COUNT ONE**
**Fair Labor Standards Act**
**Failure to Pay Overtime**

50.    Plaintiffs reassert and incorporate by reference Paragraphs 5 through 49 of this Complaint as if fully set forth herein.

51.    Defendants violated the FLSA.

52.    Defendants misclassified Plaintiffs as exempt employees.

53.    Plaintiffs performed non-exempt work.

54.    Plaintiffs worked over 40 hours in a week.

55.    Defendants knew or should have known that Plaintiffs worked over 40 hours a week.

56.    Defendants scheduled Plaintiffs to work more than 40 hours per week. Defendants also knew when Plaintiffs entered and exited the office and logged into Service Titan and other software applications to do their jobs.

57.    Defendants failed to pay Plaintiffs overtime for every hour worked over 40 in each and every week.

58.    As a result of Defendants' unlawful conduct, Plaintiffs are entitled to recover their actual unpaid overtime wages, an equivalent amount as liquidated damages, and their attorneys' fees and costs.[1]

**Overtime Damages for Plaintiff Consuelo L. Rhone**

59.    Consuelo worked at the Company for approximately eight weeks.

60.    Consuelo worked overtime (i.e., more than 40 hours a week) during the first seven weeks of her employment at the Company.

61.    Conseulo estimates that she typically worked approximately 63 hours per week during those seven weeks. See *supra* at ¶¶ 33-37.

---

[1] Plaintiffs' initial estimate of their damages is based on the limited information available at this time. Plaintiffs reserve the right to re-calculate their damages after discovery.

62.    Accordingly, Consuelo estimates that she is entitled to unpaid overtime wages in the approximate amount of $1,857.94,[2] liquidated damages in the approximate amount of $1,857.94, and her attorneys' fees and costs.

**Overtime Damages for Plaintiff Leslie Susana Cruz**

63.    Leslie worked at the Company for approximately eighteen weeks.

64.    Leslie worked overtime (i.e., more than 40 hours a week) in approximately 14 of those weeks.

65.    Leslie estimates that she typically worked approximately 51 hours and 52 hours a week, respectively. See *supra* at ¶¶ 47-49.

66.    Accordingly, Leslie estimates that she is entitled to unpaid overtime wages in the approximate amount of $1,664.74,[3] liquidated damages in the approximate amount of $1,664.74, and her attorneys' fees and costs.

**COUNT TWO**
**Fair Labor Standards Act**
**Failure to Pay Minimum Wage**
**(As to Plaintiff Consuelo L. Rhone only)**

---

[2] Consuelo was paid a weekly salary of $923.08, which equates to a regular hourly rate of $23.08 ($923.08 /40 [Hours]) and a half time rate of $11.54 ($23.08 [Regular Rate] x 0.5). Accordingly, Consuelo estimates that she is owed overtime in the amount of approximately $1,857.94 ($11.54 [OT Half-Time Rate] x 23 [OT Hours] x 7 [Weeks]).

[3] Leslie was paid a weekly salary of $826.92, which equates to a regular hourly rate of $20.67 ($826.92 /40 [Hours]) and a half time rate of $10.34 ($20.67 [Regular Rate] x 0.5). Accordingly, Leslie estimates that she is owed overtime in the amount of approximately $1,664.74 ($10.34 [OT Half-Time Rate] x 11 [OT Hours] x 7 [Weeks]) + ($10.34 [OT Half-Time Rate] x 12 [OT Hours] x 7 [Weeks])).

67.     Consuelo reasserts and incorporates by reference Paragraphs 5 through 32 and Paragraphs 35 to 38 of this Complaint as if fully set forth herein.

68.     Defendants are covered by the FLSA.

69.     Defendants misclassified Consuelo as exempt.

70.     At all relevant times, Consuelo performed non-exempt work and was subject to the FLSA's minimum wage requirements.

71.     Defendants paid Consuelo less than the federal minimum wage rate—$7.25— for every hour worked during her final week of employment at the Company.

72.     During Consuelo's final week of employment at the Company—the week of May 5, 2024—she worked approximately 29.5 hours, but the Company only paid her for two days of work ($369.23) and unlawfully deducted $306.00 from her pay. As a result, she was only paid the equivalent of about $2.13 per hour that week.

**Minimum Wage Damages**

73.     Accordingly, Consuelo estimates that she is entitled to unpaid minimum wage damages in the approximate amount of $152.32,[4] liquidated damages in the approximate amount of $152.32, and her attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

74.     Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

---

[4] ($5.12 [Minimum Wage Differential] x 29.75 [Hours]).

**WHEREFORE**, Plaintiffs respectfully pray for relief as follows:

A. For a trial by jury on all issues so triable;

B. For a declaratory judgment that Defendants violated Plaintiffs' rights under the FLSA;

C. For a judgment in favor of Plaintiffs for unpaid overtime wages, an equivalent amount as liquidated damages, prejudgment interest thereon, reasonable attorneys' fees and costs in accordance with the FLSA, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA;

D. For a judgment in favor of Plaintiff Consuelo L. Rhone for minimum wage damages, an equivalent amount as liquidated damages, prejudgment interest thereon, reasonable attorneys' fees and costs in accordance with the FLSA, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

E. For such other and further relief as this Court deems proper and just.

Respectfully submitted this 19th day of March 2025.

SMITH LAW, LLC

*/s/ Louise N. Smith*
Louise N. Smith
Georgia Bar No. 131876
louise@smithlaw-llc.com
William J. Smith
Georgia Bar No. 710280
william@smithlaw-llc.com
*Attorneys for Plaintiffs*

3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-2898 (Louise)
T: (678) 889-2264 (William)
F: (844) 828-5615

## **<u>FONT AND POINT CERTIFICATION</u>**

The undersigned counsel for Plaintiffs hereby certifies that the within and foregoing pleading was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B), NDGa.

This the 19th day of March 2025.

/s/ *Louise N. Smith*
Louise N. Smith
Georgia Bar No. 131876
*Attorney for Plaintiffs*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action pursuant to Fed. R. Civ. P. 4.

This the 19th day of March 2025.

/s/ *Louise N. Smith*
Louise N. Smith
Georgia Bar No. 131876
*Attorney for Plaintiffs*